FILED IN CLERK'S OFFICE
U.S.D.C - Atlanta

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA AT ATLANTA**

AUG 5 - 2005

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

| | | |
|---|---|---|
| JOHN R. BENNETT, STACEY ANDREW MCNAB, and SHARON M. JONES, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. **-GET** |
| CITY OF MORROW, GEORGIA, and JOHN T. LAMPL, individually and in his official capacity, | ) ) ) ) | **1 05 CV 2041** |
| Defendants. | ) ) ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs are police officers employed by the City of Morrow. They

bring this action under the Fair Labor Standards Act of 1938 (as amended)

(29 U.S.C. §201 *et seq.*), hereinafter "the FLSA", and 42 U.S.C. §1983,

hereinafter "Section 1983", to obtain compensatory and punitive damages

and reinstatement of their employment, and to recover unpaid back wages

and an additional amount as liquidated damages and reasonable attorneys'

fees.

**ORIGINAL**

FORMS RECEIVED
Consent To US Mag
Pretrial Instructions
Title VII NTC

1

## INTRODUCTION

1.

Plaintiffs John R. Bennett (hereafter "Plaintiff Bennett") and Sharon M. Jones (hereafter "Plaintiff Jones") are Lieutenants on the Morrow police force. Plaintiff Stacey Andrew McNab (hereafter "Plaintiff McNab") is a Sergeant on that squad. Prior to June 1, 2005, Plaintiffs Bennett and Jones were classified by the Defendant City of Morrow as exempt from the minimum wage and overtime requirements of the FLSA. On August 23, 2004, new federal regulations governing defining and delimiting FLSA overtime exemptions, the Fair Pay Amendments, 29 CFR Part 541, became effective. Under new Part 541.3, police officers are not considered exempt from the minimum wage and overtime provisions of the FLSA if,

> regardless of rank or pay level, (they) perform police work such as ... rescuing crime or accident victims; preventing or detecting crimes; conducting investigations or inspections for violations of law; performing surveillance; pursuing, restraining and apprehending suspects; detaining or supervising suspected and convicted criminals, including those on probation; interviewing witnesses; interrogating suspects; preparing investigative reports; or other similar work.

Plaintiffs Bennett and Jones regularly performed work within the meaning of Part 541.3. In April 2005, upon learning that they had been misclassified as

2

exempt, Plaintiffs requested both a change in classification to non-exempt, and backpay for work performed since August 23, 2004. Defendants responded by agreeing to prospectively reclassify them as non-exempt, but refusing to afford them backpay. Plaintiffs then filed grievances in accordance with the process and procedure then set out in the Personnel Rules and Regulations of the City of Morrow. In their grievances, Plaintiffs requested, *inter alia*, backpay in accordance with the FLSA. Also in April 2005, Plaintiff McNab contacted a website with the URL address www.FLSA.com to question the legality of a recent change in policy concerning the use of city owned vehicles. In response to the Plaintiffs complaints concerning the Defendants' compliance with the FLSA, Defendants engaged in retaliatory conduct. On June 10, 2005, Defendants placed Plaintiff Bennett on "administrative leave pending termination". On June 17, 2005, Defendants placed Plaintiffs Jones and McNab on "administrative leave pending termination." In July 2005, Defendants changed the city's grievance procedure by making its use discretionary on the part of Defendant John T. Lampl, and by denying Plaintiffs the right to petition the Morrow City Council for redress. On August 2, 2005, Defendants terminated Plaintiff McNab and served Plaintiff Bennett with a memorandum styled "Proposed Termination of Employment". Through

3

their actions, Defendants engaged in illegal retaliation against Plaintiffs within the meaning of FLSA §15(a)(3), 29 U.S.C. §215(a)(3); and under color of law deprived the Plaintiffs of rights that are guaranteed under both the FLSA and the First Amendment to the Constitution of the United States, in violation of 42 U.S.C. §1983.

## JURISDICTION AND VENUE

2.

This Court has jurisdiction over the present action under Article III, §2 of the United States Constitution, 42 U.S C. §1983, FLSA §16(b), 29 U.S.C §216(b), 28 U.S C §§1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C §1391 because Defendant John T. Lampl resides in this judicial district; Defendant City of Morrow is located in this judicial district; and all the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Plaintiff Bennett is a citizen of the United States and of the State of Georgia and resides within Gwinnett County, Georgia At all times material

4

hereto, Plaintiff Bennett has been an "employee" as defined in FLSA §3(e)(2)(C), 29 U.S.C. §203(e)(2)(C).

5.

Plaintiff Jones is a citizen of the United States and of the State of Georgia and resides within Henry County, Georgia. At all times material hereto, Plaintiff Jones has been an "employee" as defined in FLSA §3(e)(2)(C), 29 U.S.C. §203(e)(2)(C).

6.

Plaintiff McNab is a citizen of the United States and of the State of Georgia and resides within Spalding County, Georgia. At all times material hereto, Plaintiff McNab has been an "employee" as defined in FLSA §3(e)(2)(C), 29 U S.C. §203(e)(2)(C).

7.

Defendant City of Morrow is a municipal corporation organized under the Constitution and laws of the State of Georgia. At all times material hereto, Defendant City of Morrow has been an "employer" as defined in FLSA §3(d), 29 U.S.C. §203(d), and an "enterprise engaged in commerce" as defined in FLSA §3(s)(1)(C), 29 U.S.C. §203(s)(1)(C) and a "public agency" as defined in FLSA §3(x), 29 U S.C. §3(x).

5

8.

Defendant John T. Lampl (hereafter "Defendant Lampl") is a citizen of the United States and of the State of Georgia and resides within Clayton County Georgia   At all times material hereto, Defendant Lampl has been employed as the City Manager of Defendant City of Morrow and has been an "employer" as defined in FLSA §3(d), 29 U.S.C  §203(d).

9.

At all times material hereto, Plaintiffs were employed by Defendant City of Morrow as law enforcement officers within the Morrow Police Department.

10.

Since August 23, 2004, as law enforcement officers for Defendant City of Morrow, Plaintiffs have performed such work as rescuing fire, crime or accident victims; preventing or detecting crimes; conducting investigations or inspections for violations of law; performing surveillance; pursuing, restraining and apprehending suspects;  detaining or supervising suspected and convicted criminals; interviewing witnesses; interrogating and fingerprinting suspects; preparing investigative reports; and other similar work, within the meaning of 29 CFR §541(b)(1).

11.

Since August 23, 2004, Plaintiffs have been law enforcement employees covered by the FLSA and entitled to the minimum wage and overtime protections set forth in FLSA §§6 and 7(k), 29 U.S.C. §§ 206, 207(k)

12.

Since August 23, 2004, Defendant City of Morrow has wrongfully and unlawfully classified the Plaintiffs Bennett and Jones as exempt from the minimum wage and overtime protections set forth in FLSA §§6 and 7(k), 29 U.S.C §§ 206, 207(k).

13

At all times material hereto, Defendant City of Morrow paid its non-exempt employees, including Plaintiff McNab, on a biweekly basis in accordance with FLSA §2(k)(2), 29 U.S.C. §207(k)(2).

A.     Non-exempt employees were paid one twenty-sixth (1/26) of their annual salaries on the basis of eighty (80) hours worked in each fourteen day period.

B.     In addition, non-exempt employees have been paid one eightieth (1/80) of their fourteen day salary for each hour worked

above eighty (80), but not more than eighty-six (86), in each fourteen day work period.

C.      Finally, non-exempt employees were paid the equivalent of one eightieth (1/80) of their fourteen day salary multiplied by 1.5 for each hour worked over eight-six (86) in each fourteen day period.

14

Since August 23, 2004, Defendant City of Morrow willfully and repeatedly failed to compensate Plaintiffs Bennett and Jones for time worked in excess of eighty (80) hours up to eighty-six (86) hours in each fourteen day period.

15.

Since August 23, 2004, Defendant City of Morrow willfully and repeatedly failed to compensate Plaintiffs Bennett and Jones for time worked in excess of eighty-six (86) hours in each fourteen day period.

## COUNT I

**Failure to compensate Plaintiff John R. Bennett in accordance with the FLSA.**

16.

The allegations contained in Paragraphs 1 through 15 above are incorporated by reference as if fully set out in this Paragraph.

17

As a result of the underpayment of wages and overtime compensation as alleged in Paragraphs 14 and 15 above, Defendant City of Morrow is indebted to Plaintiff Bennett in the amount of $3,400.68, in accordance with FLSA §16 (b), 29 U.S.C. §216(b), which amount Plaintiff Bennett has demanded of Defendant City of Morrow and Defendant City of Morrow has willfully and repeatedly refused to pay.

18.

Plaintiff Bennett is entitled to liquidated damages in the amount of $3,400.68 in addition to the unpaid wages set forth in Paragraph 17, in accordance with FLSA §16 (b), 29 U.S.C. §216(b), because Defendant City of Morrow has willfully and repeatedly violated the FLSA.

19.

Defendant City of Morrow's failure and refusal to make the above payments to Plaintiff Bennett in accord with its legal obligations is in bad faith, is intended to require, and has required, Plaintiff Bennett to incur the trouble, inconvenience and expense of attorneys fees and costs to deter Plaintiff from seeking payment of unpaid wages due him, and is stubbornly litigious.

## COUNT II

**Failure to compensate Plaintiff Sharon M. Jones in accordance with the FLSA.**

20.

The allegations contained in Paragraphs 1 through 19 above are incorporated by reference as if fully set out in this Paragraph.

21.

As a result of the underpayment of wages and overtime compensation as alleged in Paragraphs 14 and 15 above, Defendant City of Morrow is indebted to Plaintiff Jones in the amount of $1,455.90, in accordance with FLSA §16 (b), 29 U.S.C §216(b), which amount Plaintiff Jones has demanded of Defendant City of Morrow and Defendant City of Morrow has willfully and repeatedly refused to pay.

22.

Plaintiff Jones is entitled to liquidated damages in the amount of $1,455.90 in addition to the unpaid wages set forth in Paragraph 21 above, in accordance with FLSA §16 (b), 29 U.S.C. §216(b), because Defendant City of Morrow has willfully and repeatedly violated the FLSA.

23.

Defendant City of Morrow's failure and refusal to make the above

payments to Plaintiff Jones in accord with its legal obligations is in bad

faith, is intended to require, and has required, Plaintiff Jones to incur the

trouble, inconvenience and expense of attorneys fees and costs to deter

Plaintiff from seeking payment of unpaid wages due her, and is stubbornly

litigious.

## COUNT III

### Illegal Retaliation against Plaintiff John R. Bennett

24.

The allegations contained in Paragraphs 1 through 23 above are

incorporated by reference as if fully set out in this Paragraph.

25.

Beginning in early May, 2005 and continuing through June 10, 2005,

Plaintiff Bennett had a series of conversations with Morrow Chief of Police

Charlie Sewell during which Plaintiff Bennett complained that he and other

Morrow Lieutenants had been improperly classified as exempt and were

entitled to backpay.

26

Plaintiff Bennett's complaints as set forth in Paragraph 25 above

constitute protected activity within the meaning of FLSA §15(a)(3), 29

U.S.C. §215(a)(3)

27.

On June 10, 2005, Plaintiff Bennett filed a grievance in accordance

with the Defendant City of Morrow Personnel Rules and Regulations in

which he complained as follows:

> It is our understanding that on August 23 2004, the
> Fair Labor Standards Act clarified their position on
> what an exempt employee was in public service.
> This issue was raised with you and you reclassified
> the Shift Commanders to "non-exempt" on May 8,
> 2005. This complaint involves the actual physical
> hours worked by these employees at this
> department without compensation. Since the
> department does not have a policy in place to
> compensate these unpaid hours worked through
> "comp time", then we are asking for monetary
> compensation.

28.

Plaintiff Bennett's complaints as set forth in Paragraph 27 above

constitute protected activity within the meaning of FLSA §15(a)(3), 29

U.S.C. §215(a)(3).

29.

On June 10, 2005, in retaliation for Plaintiff Bennett's protected activities, Defendants placed Plaintiff John R Bennett on "administrative leave pending termination", in violation of FLSA §15(a)(3), 29 U.S.C. §215(a)(3).

30.

On August 2, 2005, in retaliation for Plaintiff Bennett's protected activities, Defendants served Plaintiff Bennett with a document styled "Proposed Termination of Employment", in violation of FLSA §15(a)(3), 29 U S.C. §215(a)(3).

## COUNT IV

### Illegal Retaliation against Plaintiff Sharon M. Jones

31.

The allegations contained in Paragraphs 1 through 30 above are incorporated by reference as if fully set out in this Paragraph.

32.

On April 8, 2005, Plaintiff Jones complained to Morrow Chief of Police Charlie Sewell that she and other lieutenants had been misclassified as exempt from the overtime provisions of the FLSA and requested to be reclassified and given backpay.

33.

Plaintiff Jones' complaints as set forth in Paragraph 32 above constitute protected activity within the meaning of FLSA §15(a)(3), 29 U.S.C. §215(a)(3).

34.

On May 13, 2005, the Morrow Police Department conducted a staff meeting during which Plaintiffs and other employees were warned of adverse "consequences" if they pursued efforts to obtain backpay in accordance with the FLSA.

35.

On June 10, 2005, Plaintiff Jones filed a grievance in accordance with the Defendant City of Morrow Personnel Rules and Regulations in which she stated as follows:

> A second formal grievance is also being generated
> by Lt. Bennett, Lt. White and I. This formal
> grievance addresses the back pay which is owed to
> each of us as a result of the wrongful "exempt"
> classification we were placed on after the Fair Pay
> Act Amendment was passed on August 23, 2004.

36.

Plaintiff Jones' complaints as set forth in Paragraph 35 above constitute protected activity within the meaning of FLSA §15(a)(3), 29 U.S.C. §215(a)(3).

14

37.

On June 10, 2005, Plaintiff Jones filed a grievance in accordance with

the Defendant City of Morrow Personnel Rules and Regulations in which

she complained as follows:

> It is our understanding that on August 23, 2004,
> the Fair Labor Standards Act clarified their
> position on what an exempt employee was in
> public service. This issue was raised with you and
> you reclassified the Shift Commanders to "non-
> exempt" on May 8, 2005. This complaint involves
> the actual physical hours worked by these
> employees at this department without
> compensation. Since the department does not have
> a policy in place to compensate these unpaid hours
> worked through "comp time", then we are asking
> for monetary compensation.

38.

Plaintiff Jones' complaints as set forth in Paragraph 37 above

constitute protected activity within the meaning of FLSA §15(a)(3), 29

U.S.C. §215(a)(3).

39.

On June 17, 2005, in retaliation for Plaintiff's protected activities,

Defendants placed Plaintiff Jones on "administrative leave pending

termination", in violation of FLSA §15(a)(3), 29 U.S.C. §215(a)(3).

## COUNT V

### Illegal Retaliation against Plaintiff Stacey Andrew McNab

40.

The allegations contained in Paragraphs 1 through 39 above are incorporated by reference as if fully set out in this Paragraph.

41

In April 2005, Defendant City of Morrow changed its policy regarding the ability of plain clothes officers to use their city provided vehicles to travel to and from work. Under the new policy, such officers would no longer be entitled to take the city vehicles home if they resided more than five miles beyond the Morrow city limits. This change in policy had a significant adverse effect on Plaintiff McNab. In April 2005, while on his lunch break, Plaintiff McNab used his city-supplied computer to view a website with the URL address www FLSA com. Plaintiff McNab entered a complaint and a query on that website concerning the lawfulness of the change in car policy. He also printed a copy of said complaint and sent it to his supervisor, Plaintiff Bennett.

42.

Plaintiff McNab's inquiry to the www.FLSA.com website, and providing a copy of his complaint to his supervisor, regarding his concerns

about the change in the take home automobile policy as described in

Paragraph 41 above constitute protected activity within the meaning of

FLSA §15(a)(3), 29 U.S.C. §215(a)(3).

43.

On June 9, 2005, Plaintiff McNab added his name as a signatory to

the grievance filed by Plaintiff Sharon M. Jones and described in Paragraph

37 above.

44

Plaintiff McNab's complaints as set forth in Paragraph 43 above

constitute protected activity within the meaning of FLSA §15(a)(3), 29

U.S.C. §215(a)(3).

45.

On June 15, 2005, Defendant Lampl confronted Plaintiff McNab

regarding the email query to the FLSA website, stating that it was an act of

disloyalty on Plaintiff McNab's part to view the website. Defendant Lampl

further instructed Plaintiff McNab to inform Chief of Police Sewell that he

had contacted the website.

46.

On June 17, 2005 Plaintiff McNab informed Chief Sewell that he had

viewed the FLSA website. Chief Sewell then informed Plaintiff McNab that

he was being placed on "administrative leave pending termination." Upon

information and belief, Defendant Lampl directed Chief Sewell to take said

action and Chief Sewell was merely a conduit for Defendant Lampl's order.

47.

Defendants placed Plaintiff McNab on "administrative leave pending

termination" in retaliation for his protected activity, in violation of FLSA

§15(a)(3), 29 U.S.C. §215(a)(3).

48.

On August 2, 2005, in retaliation for his protected activities,

Defendants terminated Plaintiff McNab's employment in violation of FLSA

§15(a)(3), 29 U.S.C. §215(a)(3).  The letter of termination expressly states

that Plaintiff McNab was terminated because of "a complaint you sent to the

Department of Labor."

## COUNT VI

## Section 1983 Violations

49

The allegations contained in Paragraphs 1 through 48 above are

incorporated by reference as if fully set out in this Paragraph.

50.

Defendants have singled out Plaintiffs for adverse treatment in retaliation for having filed grievances and otherwise asserting their own rights and the rights of similarly situated employees under the FLSA.

51.

In July 2005, Defendants changed the City's grievance procedure in several substantial respects. The new policy makes the processing of a grievance discretionary on the part of Defendant Lampl and expressly proscribes the Plaintiffs' rights to petition the government for redress.

52.

Defendants, acting under color of law, have deprived Plaintiffs of their rights under the FLSA and the First Amendment to the Constitution of the United States to petition the government for redress of legal wrongs, in violation of 42 U.S.C. §1983.


WHEREFORE, Plaintiffs respectfully pray:

1. That Plaintiff's claims be tried before a jury.

2. That the Court issue injunctive relief pursuant to FLSA §16(b), 29 U.S.C. 216(b), reinstating Plaintiff McNab; and

3. That the Court issue injunctive relief pursuant to FLSA §16(b), 29 U.S.C. 217, barring the termination of Plaintiffs Bennett and Jones; and

4. As to Count I, that Plaintiff Bennett be awarded against Defendants $3,400.68 in unpaid wages due under the FLSA, plus an additional $3,400.68 in liquidated damages due because of the Defendants' willful and repeated disregard for its obligations and Plaintiff's Bennett's rights under the FLSA, plus prejudgment interest thereon, plus Plaintiff Bennett's reasonable attorneys fees and costs; and

5. As to Count II, that Plaintiff Jones be awarded against Defendants $1,455.90 in unpaid wages due under the FLSA, plus an additional $1,455.90 in liquidated damages due because of the Defendants' willful and repeated disregard for its obligations and Plaintiff's Jones' rights under the FLSA, plus prejudgment interest thereon, plus Plaintiff Jones' reasonable attorneys fees and costs, and

6. As to Counts III-VI, that Plaintiffs be awarded compensatory damages against the Defendants jointly and severally in an amount to be determined at trial; and

7. As to Counts III-VI, that Plaintiffs be awarded punitive damages against the Defendants jointly and severally in an amount to be determined at trial; and

8. That Plaintiffs be awarded attorneys fees and expenses of litigation from

   Defendants; and

9. For such other and further relief as the Court deems just and proper.


Respectfully submitted,

Kevin D. Fitzpatrick, Jr.
Georgia Bar No. 262375


3100 Centennial Tower
101 Marietta Street, N.W.
Atlanta, GA 30303
Kevin.fitzpatrick@dcnblaw.com
(404) 979-3150
(404) 979-3170 (fax)

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA AT ATLANTA

| | |
|---|---|
| **JOHN R. BENNETT, STACEY**<br>**ANDREW MCNAB, and**<br>**SHARON M. JONES,**<br><br>       **Plaintiffs,**<br><br>v<br><br>**CITY OF MORROW, GEORGIA,**<br>**and JOHN T. LAMPL, individually**<br>**and in his official capacity,**<br><br>       **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **Civil Action No.**<br><br>   _____ |

## VERIFICATION

Personally appeared **JOHN R. BENNETT,** who after being duly

sworn states that the facts set forth in the foregoing Complaint are true to the

best of his knowledge and belief.


**JOHN R. BENNETT**


Sworn to and subscribed before me
this 5th day of August, 2005.

Notary Public
Notary Public, DeKalb County, Georgia
My Commission Expires April 25, 2009

22

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA AT ATLANTA

| | |
|---|---|
| **JOHN R. BENNETT, STACEY ANDREW MCNAB, and SHARON M. JONES,** )<br>)<br>)<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**CITY OF MORROW, GEORGIA,** )<br>**and JOHN T. LAMPL, individually** )<br>**and in his official capacity,** )<br>)<br>**Defendants.** ) | **Civil Action No.**<br><br>_____ |

### VERIFICATION

Personally appeared **SHARON M. JONES,** who after being duly

sworn states that the facts set forth in the foregoing Complaint are true to the

best of her knowledge and belief.


_____
**SHARON M. JONES**


Sworn to and subscribed before me
this 5th day of August, 2005.

_____
Notary Public

Notary Public, DeKalb County, Georgia
My Commission Expires April 25, 2009

23

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA AT ATLANTA

| | |
|---|---|
| **JOHN R. BENNETT, STACEY ANDREW MCNAB, and SHARON M. JONES,** ) ) ) ) | |
| **Plaintiffs,** ) ) | |
| v. ) ) | **Civil Action No.** |
| **CITY OF MORROW, GEORGIA,** ) **and JOHN T. LAMPL, individually** ) **and in his official capacity,** ) ) | _____ |
| **Defendants.** ) | |

## VERIFICATION

Personally appeared **STACEY ANDREW MCNAB,** who after being

duly sworn states that the facts set forth in the foregoing Complaint are true

to the best of his knowledge and belief.


_____
**STACEY ANDREW MCNAB**


Sworn to and subscribed before me
this 5th day of August, 2005.


_____
Notary Public

**Notary Public, DeKalb County, Georgia**
**My Commission Expires April 25, 2009**

24